[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13903
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 2, 2011
JOHN LEY
CLERK

D. C. Docket No. 1:09-cv-21133-JLK

ELECTO ECHEVARRIA,

Petitioner-Appellant,

versus

DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 2, 2011)

Before CARNES, WILSON, and KRAVITCH, Circuit Judges.

PER CURIAM:

Electo Echevarria appeals pro se the district court's denial of his 28 U.S.C. §

2254 habeas corpus petition.  Echevarria contends that he received ineffective

assistance of counsel because his trial counsel failed to object when the trial judge ordered a juror who had been stricken for cause to sit through Echevarria's trial.

I.

Echevarria was indicted in state court for first degree murder, attempted first degree murder, felony causing bodily injury, armed burglary, attempted armed burglary, and armed kidnaping. Echevarria proceeded to trial on these counts. After juror questioning, Juror Cendan, who gave no indication that it would be improper for her to sit on the jury, was selected. After the jury was sworn in and outside the presence of the other jurors, Cendan informed the court that she did not "think that [she would] be fair in this trial" because she did not "have the ability of judging anybody" and thought "that the guy [was] guilty." The judge said that he was very close to holding her in contempt for attempting to interfere with the jury selection process and told her: "[Y]ou are on the jury. Please do not discuss it with anyone else. Do not discu[ss] it with any of the other jurors." The court further told Cendan, "What I need you to do is not discuss this case with anyone. Do not discuss it with any family or friends and don't discuss it with the other jurors." The court then told her, "Okay, let's make sure that you are clear. . . . You are on the jury. If you utter a word about this to any other juror I will lock you up."

2

After Cendan left the courtroom, the court and the attorneys agreed that she would be dismissed for cause and an alternate juror would replace her. However, the court said that Cendan would be "an alternate in spirit" and would be present for the trial "to get an education in our system." No one objected. A few minutes later, when the jury was brought back into the courtroom, the judge repeatedly told the jury that they could not talk to anyone about the case during the trial, even each other. The judge, emphasizing the point, concluded by telling the jury you "need to follow that instruction to the letter and not discuss the case with anyone."

At the conclusion of the evidence and before the jury retired to deliberate, Cendan was dismissed. Echevarria was convicted all counts, except attempted first degree murder. That resulted in a sentence of life without parole, a sentence of fifteen years imprisonment, and another life sentence, all to run concurrently. His convictions and sentences were upheld on direct appeal and in the state court post-criminal collateral proceedings. Echevarria then filed a § 2254 habeas petition in the district court, which included the argument that he was denied effective assistance of counsel because his trial counsel failed to move to strike Cendan from the jury. The district court denied his habeas petition but granted his certificate of appealability on the question of whether "he was denied effective assistance of

3

counsel for his attorney's failure to request the removal of a biased juror."[1]  This appeal followed.

## II.

"When examining a district court's denial of a § 2254 habeas petition, we review questions of law and mixed questions of law and fact de novo, and findings of fact for clear error."  Maharaj v. Sec'y for Dep't of Corrs., 432 F.3d 1292, 1308 (11th Cir. 2005).  However, we may not grant habeas relief on claims that were previously adjudicated on the merits in state court unless the adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254(d).

To prevail on an ineffective assistance of counsel claim, Echevarria must show that (1) his counsel's performance was deficient, and (2) the deficiency prejudiced him.  Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052,

---

[1]Echevarria also filed a motion to expand the COA to include whether his trial counsel was ineffective for failing to call a witness, Pedro Rodriguez, to testify.  The state, in Echevarria's collateral proceeding, found that his counsel's decision was tactical or strategic—his counsel chose not to call Rodriguez because doing so would have resulted in "opening the door" to statements "which, in great detail, implicated [Echevarria]."  Because the state court reasonably applied Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), Echevarria cannot make "a substantial showing of the denial of a constitutional right," 28 U.S.C. 2253(c)(2), and his motion is therefore **DENIED**.

2064 (1984). "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. at 2068.

Echevarria is unable to show that he was prejudiced by his counsel's failure to object to Cendan being an "alternate in spirit." Not only did the trial court dismiss Cendan before juror deliberations and instruct both Cendan and the jurors not to talk with each other beforehand, see Richardson v. Marsh, 481 U.S. 200, 206, 107 S.Ct. 1702, 1707 (1987) (there is an "almost invariable assumption of the law that jurors follow their instructions"), but Echevarria admits that he cannot show prejudice. Echevarria concedes "that he cannot identify any specific prejudice" and "cannot say what Ms. Cendan discussed with other members of the jury nor can he demonstrate that she actually tainted the jury." Accordingly, Echevarria has not shown that the state collateral court's denial of his ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented.

**AFFIRMED.**